UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JOSEPHA CAMPINHA-BACOTE d/b/a TRANSCULTURAL C.A.R.E. ASSOCIATES, | : : : | Case No. 1:18-cv-00270 |
| | : | Judge: |
| Plaintiff, | : | |
| -vs- | : | **COMPLAINT** |
| | : | |
| KYSHA HARRIELL, | : | |
| and | : | |
| SOUTHEAST ATHLETIC TRAINERS' ASSOCIATION, INC. | : : | |
| and | : | |
| UNIVERSITY OF MIAMI, | : | |
| Defendants. | : | |

**INTRODUCTION**

1. This is an action by Dr. Josepha Campinha-Bacote d/b/a Transcultural C.A.R.E. Associates ("Transcultural C.A.R.E."), a sole proprietorship registered under the laws of Ohio, to recover damages, both injunctive and monetary, arising from infringement of Dr. Campinha-Bacote's copyright in her creative works by Defendants Kysha Harriell, Southeast Athletic Trainers' Association, Inc., and the University of Miami (collectively "Defendants"). Defendants reproduced, copied, and published Dr. Campinha-Bacote's model of cultural competency, "Cultural Competency in Healthcare Delivery: Have I 'ASKED' Myself the Right Questions?" without permission.

1

**THE PARTIES**

2. Plaintiff Dr. Campinha-Bacote is President and founder of Transcultural C.A.R.E., with its principal place of business located at 11108 Huntwicke Place, Cincinnati, Ohio 45241. Transcultural C.A.R.E. is a private organization providing keynote presentations, workshops, seminars, consultations, and training focusing on clinical, administrative, research and educational issues related to cultural competence, transcultural health care & mental health. Dr. Campinha-Bacote operates a website by and through which her tools and models can be ordered by individuals who pay a fee.

3. Upon information and belief, Defendant Kysha Harriell ("Harriell") is a resident of the state of Florida and an employee of the University of Miami. Defendant Meynard is being sued individually and in her official capacity.

4. Upon information and belief, Defendant Southeast Athletic Trainers' Association, Inc. ("SEATA") is a not-for-profit organization organized and existing under the laws of the State of Florida.

5. Defendant University of Miami is a private university located in Florida.

**JURISDICTION**

6. This is a suit for copyright infringement under the United States Copyright Act of 1976, 17 U.S.C § 101 *et seq.*

7. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1338(a).

8. This Court has personal jurisdiction over Defendants under Ohio's long arm statute, R.C. § 2307.382(A)(6), consistent with the Due Process Clause of the 14th Amendment to the U.S. Constitution, as Defendants knowingly and purposefully infringed upon Plaintiff's intellectual

property.

9. Exercising personal jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice, because by infringing upon an Ohio business' intellectual property and causing damage in the State of Ohio, Defendants should have reasonably foreseen the possibility of being haled into an Ohio Court. Therefore, it would be fair and reasonable to require Defendants to answer for their actions in an Ohio Court.

10. More specifically, Dr. Campinha-Bacote resides in Ohio, is a Board Certified Clinical Nurse Specialist licensed to practice as an Advanced Practice Clinical Nurse Specialist in Ohio, developed her infringed-upon model in Ohio, is licensed to do business in Ohio as a sole proprietorship, and operates her website from Ohio. To this day, Ohio is where Dr. Campinha-Bacote lives, does business, and practices.

11. Most, if not all, of Dr. Campinha-Bacote's ties to Ohio are publicly made clear both through Dr. Campinha-Bacote's website, her presentations, her books, as well as every other medium in which she conducts business.

12. Anyone using Dr. Campinha-Bacote's model knows, or should know, that copyright infringement would harm Dr. Campinha-Bacote in Ohio, as the only way to obtain her model is through her website or through her personally, in Ohio.

13. Simply put, Defendants caused tortious injury to Plaintiff by an act outside the state which they knew, or should have expected, to cause injury to Plaintiff, thus subjecting them to jurisdiction in an Ohio court.

**VENUE**

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events, acts, and omissions giving rise to Plaintiff's claims occurred in this district.

All of the damage that occurred from the infringing activity occurred in this Court's jurisdiction.

## BACKGROUND

15. In 2002, Dr. Campinha-Bacote developed a mnemonic model of cultural competence entitled "Cultural Competency in Healthcare Delivery: Have I 'ASKED' Myself the Right Questions?" ("ASKED model"). This model is an original work that is copyrighted under U.S. law, and a copy of the model is attached hereto as "Exhibit A".

16. On August 31, 2003 Dr. Campinha-Bacote applied to the U.S. Copyright Office and received a Certificate of Registration for her work under Registration No. TX 5-837-864, with an effective date of 9/11/03. Dr. Campinha-Bacote complied in all respects with the Copyright Laws of the United States and a copy of the Registration is attached hereto as "Exhibit B".

17. Plaintiff is the sole owner of all rights in the copyrighted works.

18. On or around March 27, 2018, Dr. Campinha-Bacote learned that Defendants had published Dr. Campinha-Bacote's copyrighted material (the "ASKED Model") in an online PowerPoint entitled *Cultural Competency in Athletic Training*, located online at https://www.seata.org/resources/Documents/2017%20ATSS%20Material/2017%20Track%20B%20e-Proceedings%20v3%20final%20(1).pdf.

19. Upon information and belief Defendant Harriell published this copyrighted material in her official capacities on the above listed website.

20. At all times relevant hereto, Defendants did not have permission to copy or publicly display Dr. Campinha-Bacote's ASKED model.

21. When asked, Defendants were unable to produce any documentation permitting use of

4

Plaintiff's model.

22. Defendants did not have permission to publish Dr. Campinha-Bacote's ASKED model, or reference the model in any way.

23. Defendants knew or should have known that the model being used was copyrighted.

24. Plaintiff notified Defendants of the nature of their violations prior to commencing this action.

## COUNT I

25. This Count alleges copyright infringement, pursuant to 17 U.S.C. § 501. The Plaintiff repeats and realleges paragraphs 1 through 24 above.

26. Defendants knew the infringed work belonged to Plaintiff.

27. Defendants do not have documentation permitting them to distribute, alter, use, or administer Plaintiff's works.

28. Defendants knew the model they were using was copyrighted.

29. Defendants knew their acts constituted copyright infringement.

30. Upon information and belief, Defendants are engaging in continuing violations of federal law.

31. Defendants' conduct was willful within the meaning of the Copyright Act.

32. Plaintiff has been damaged by the Defendants' actions.

## DEMAND FOR RELIEF

WHEREFORE, the Plaintiff demands that:

a. the Defendants be enjoined from reproducing, administering, using, or distributing Plaintiff's copyrighted works;

b. the Defendants be ordered to pay statutory damages pursuant to 17 U.S.C. § 504;

c. Defendants' actions be declared willful under 17 U.S.C. § 504(c)(2);

d. the Defendants pay the Plaintiff reasonable attorneys' fees and costs of this action, pursuant to 17 U.S.C. § 505;

e. the Defendants pay pre-judgment and post-judgment interest on any damages awarded; and

f. the Court award the Plaintiff all other relief it deems justified.

Respectfully submitted,

/s/ Avonte Campinha-Bacote
Avonte D. Campinha-Bacote (0085845)
Campinha Bacote LLC
1176 Crespi Drive
Pacifica, CA 94044
(513) 313-3806
(415) 276-2988 (fax)
Avonte@CamBacLaw.com

Trial Attorney for Plaintiff